907 F.2d 157
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Robert A. KOLSTAD.
 No. 90-1096.
 United States Court of Appeals, Federal Circuit.
 June 1, 1990.
 
 Before ARCHER and MAYER, Circuit Judges, and LLOYD D. GEORGE, District Judge.*
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Robert A. Kolstad appeals from the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board), Appeal No. 88-3399 (March 29, 1989), holding claims 1-4 and 8-15 of patent application Serial No. 837,724 unpatentable under 35 U.S.C. Sec. 112, first paragraph, for lack of a sufficient written description. We reverse.
 
 OPINION
 
 2
 After review of the record, we are left with a firm conviction that a mistake was made in the board's analysis of the evidence. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985). The purpose behind the written description requirement of section 112 is to ensure that the patent applicant had possession of the claimed subject matter at the time he filed his application. In re Wertheim, 541 F.2d 257, 262, 191 USPQ 90, 96 (CCPA 1976). The manner in which the specification meets the requirement is not material; the requirement may be met by either an express or an implicit disclosure. Id.
 
 
 3
 In the present case, Kolstad disclosed that condensation and residues are "undesirable" and that the sterilization process could be carried out "with or without steam" (emphasis added). In addition, the Tyler affidavit makes clear that three of the four formulations listed in Table A of the specification, when used under Example 1 conditions, would have been unsaturated with respect to water. Thus, given the fact that the system, if not saturated with respect to water, must be unsaturated with respect to water, it is clear from the cited portions of the specification that Kolstad was in possession of the subject matter of claims 1-4 and 8-15 at the time he filed his patent application. Accordingly, the board's contrary finding is clearly erroneous.
 
 
 
 *
 Honorable Lloyd D. George, Judge, United States District Court for the District of Nevada, sitting by designation